**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

BONNIE ANN HOWARD,                    :
                                                              :
                        Plaintiff,              :
                                                              :
            VS.                                       :
                                                              :            3 : 10-CV-86 (CDL)
                                                              :
MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,       :
                                                              :
                        Defendant.            :
_____

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on October 22, 2010, challenging the

Commissioner's final decision denying in part her application for disability benefits, finding her

entitled to a closed period of disability benefits under the Social Security Act and Regulations.  (Doc.

1).  Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies

have been exhausted.

Presently pending herein is the Commissioner's Motion for Entry of Judgment Under Sentence

Four of 42 U.S.C. § 405(g) with Reversal and Remand to the Commissioner.  (Doc. 13).  The Plaintiff

has filed a response to this motion opposing reversal and remand for further consideration of her claims

by the Commissioner, and asks instead for reversal with an award of benefits.  (Doc. 14).

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied

the correct legal standards to the evidence.  *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983);

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are

deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).  In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

The initial burden of establishing disability lies with the claimant, and a claimant seeking disability benefits under the Social Security Act must demonstrate that he is unable to perform his past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir.  1990); *Barnes v.  Sullivan*, 932 F.2d 1356, 1359 (11th Cir.  1991).

### Administrative Proceedings

The Plaintiff filed applications for disability and Supplemental Security Income benefits on November 29, 2007.  (T-135-137, 138-142).  Her claims were denied initially and upon reconsideration.  (T - 88-91, 95-97, 98-100).  A  hearing was held before an ALJ in Athens, Georgia on December 3, 2009.  (T-32-62).  Thereafter, in a hearing decision dated February 11, 2010, the ALJ determined that the Plaintiff was disabled from August 1, 2007 through October 22, 2008, but was not disabled after October 22, 2008.  (T-19-27).   The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-3-5).

*Statement of Facts and Evidence*

The Plaintiff was thirty-four (34) years of age at the time of the ALJ's decision, and alleged disability since August 1, 2007, due to an ankle injury and resulting chronic condition.  (T - 36, 135). She has a limited tenth grade education and past relevant work experience as an adult and child caregiver.  (T- 23, 40-42).  As determined by the ALJ, Plaintiff suffers from a severe impairment in the form of right tarsal tunnel syndrome status post release.  (T-21).  The ALJ found that the Plaintiff  was disabled as a result of this severe impairment between August 1, 2007 and October 22, 2008, but thereafter experienced medical improvement related to her ability to work.  (T - 19).  After October 22, 2008, the ALJ found that although the Plaintiff could not return to her past relevant work, consideration of the Plaintiff's age, education, work experience, and residual functional capacity, and the Medical-Vocational Guidelines established that the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy, and thus, was not disabled after October 22, 2008.  (T-26).

## DISCUSSION

In support of his Motion for reversal and remand, the Commissioner asserts that remand is appropriate herein in order to have an administrative law judge further evaluate Plaintiff's claims, and upon remand, the ALJ

> will reconsider Plaintiff's residual functional capacity and her ability to perform other work in the national economy in light of the opinion evidence indicating the need for Plaintiff to elevate her leg above the waist.  The ALJ should state the weight given to all opinion evidence.  If the ALJ utilizes the services of a vocational expert, the ALJ should pose a hypothetical question to a vocational expert that accurately accounts for all of Plaintiff's limitations, including her limitation that she needs to elevate her leg.  The ALJ's hypothetical question should include specific references to how high Plaintiff needs to lift her leg.  Furthermore, if the ALJ finds that there is medical improvement, the ALJ should clarify any dates of disability and medical improvement such that the dates do not

3

overlap or conflict.  Finally, Plaintiff shall be given an opportunity to
testify at a hearing and present additional evidence deemed relevant.

(Doc. 13-1, pp. 1, 2).

In response to the Commissioner's motion, the Plaintiff asserts that the Court is in a position to apply the correct legal standards and reverse and remand for payment, and has the authority to do so. (Doc. 14).  Plaintiff asserts that the record already examined by the ALJ establishes that the Plaintiff is clearly disabled and thus this matter should be reversed with an award of benefits by this Court.  *Id.*

In general, "a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."  *INS v. Ventura*, 537 U.S. 12, 17 (2002).  Noting the court's temptation to "cut through delay by evaluating the administrative record itself and, applying the correct legal standard, determining for itself whether the claimant has met her  . . . burden", the Eleventh Circuit has held that "it would be an affront to the administrative process if courts were to engage in direct fact finding in these Social Security disability cases."  *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986).

At the conclusion of the hearing before the ALJ herein, the ALJ left the record open to allow Plaintiff's attorney to talk to her physician and clarify at what level Plaintiff would be required to elevate her leg.  (T - 61-62).  An additional statement from Plaintiff's physician was submitted and reviewed by the ALJ, who concluded that the physician's clarification that Plaintiff would need to elevate her leg above the level of her waist was accommodated in the residual functional capacity assessment providing the Plaintiff the option to elevate her right foot at her own discretion.  (T - 402-403, 27).  Plaintiff maintains that the ALJ incorrectly interpreted the Vocational Expert's testimony regarding available jobs and the required elevation of her leg, and that the Vocational Expert's testimony in combination with Plaintiff's physician's updated opinion establish Plaintiff's disability.

4

Plaintiff points to Eleventh Circuit case law providing that a court "may reverse the judgement of the district court and remand the case for an entry of an order awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). However, the record herein does not reveal "disability without any doubt", as it is unclear whether the ALJ correctly interpreted the Vocational Expert's testimony in light of the additional testimony from Plaintiff's physician, and whether the Plaintiff's residual functional capacity would allow for her performance of other jobs. It is not clear whether the ALJ accepted the physician's opinion as stated or found that this opinion was only partially credible and entitled to less weight. Moreover, a review of the Vocational Expert's testimony itself reveals a lack of clarity as to the level of required leg raising that would prevent performance of any job by the Plaintiff. (T - 61-65).

The Commissioner's Motion for Remand reflects the areas in which clarification is necessary herein in order to provide an adequate decision, regarding the Plaintiff's residual functional capacity, the ALJ's specific review of the treating physician's opinion, and the hypotheticals provided to the Vocational Expert. (Doc. 13). Inasmuch as the ALJ's opinion and the record herein do not provide a clear finding of disability, this matter should be remanded for further consideration of Plaintiff's claims as outlined by the Commissioner.

*Conclusion*

Accordingly, it is the recommendation of the undersigned that the Commissioner's Motion for Judgment Under Sentence Four of 42 U.S.C. § 405(g) be **GRANTED** and that this matter be **REVERSED AND REMANDED** to the Commissioner for further development as outlined in the Commissioner's Motion. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN

5

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.


**SO RECOMMENDED**, this 10th day of November, 2011.



**s/  *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**


asb